CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 16, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JORDAN JOSEPH KINARD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV0074 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **VIRGINIA DEPARTMENT OF CORRECTIONS, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that the defendants have failed to provide adequate medical treatment. Kinard has not prepaid the necessary filing costs to proceed with a civil rights action and impliedly requests in forma pauperis status under 28 U.S.C. § 1915, which would allow him to pay the filing fee through installments from his inmate trust account. Upon my review, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings. Accordingly, I will summarily dismiss this lawsuit pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust

account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Kinard has filed more than twenty-five lawsuits in this court and numerous lawsuits in the Eastern District of Virginia, many of which have been dismissed for failure to state a claim or for failure to allege imminent danger of serious physical injury. *See, e.g., Kinard v. Critton*, No. 2:20-cv-00125-AWA-DEM (E.D. Va. Mar. 3, 2022) (dismissing for failure to state a claim); *Kinard v. Hendricks*, No. 2:07-cv-00461-JBF-JEB (E.D. Va. Nov. 1, 2007) (dismissing for failure to state a claim); *Kinard v. Land*, No. 2:07-cv-00079-JBF-TEM (E.D. Va. Apr. 11, 2007) (dismissing for failure to state a claim); *Kinard v. Virginia Dep't of Corr.*, No. 2:25-cv-00491-AWA-RJK (E.D. Va. Oct. 3, 2025) (dismissing under 28 U.S.C. § 1915(g) and noting that dismissal of *Kinard v. Sanchez*, No. 2:07cv355 (E.D. Va. Aug. 6, 2007) was dismissed for failure to state a claim and counts as a strike despite Kinard's argument that it does not); *Kinard v. Kanode*, 7:19-cv-00304-JPJ-PMS (W.D. Va. Apr. 22, 2019) (dismissing under 28 U.S.C. § 1915(g)). Accordingly, Kinard may only proceed in forma pauperis in this case if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g).

The imminent danger exception to the three-strikes rule is "essentially a pleading requirement subject to the ordinary principles of notice pleading." *Holley v. Combs*, 134 F.4th 142, 145 (4th Cir. 2025) (quoting *Newkirk v. Kiser*, 812 F. App'x 159, 159 (4th Cir. 2020)). The exception must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

Kinard alleges that was diagnosed with chronic prostatitis and a kidney condition in 2017 while housed at Sussex 1 State Prison (Sussex). Doctors previously overseeing his care recommended that he drink purified water and follow a renal diet. He claims that Wallens Ridge State Prison (Wallens Ridge) officials "bucked" this diet plan when he was "deceptively and inconspicuously" transferred to that facility in 2022. Compl. 3, Dkt. No. 1. Despite removal of the diet order, Kinard explains that defendant Mullins "procured a specialist visit with a urologist advising the plaintiff that the plaintiff would have to rely on the specialist's treatment

plan recommendation to which defendant Mullins would defer his medical decision." *Id.* Kinard states that the specialist recommended "a treatment plan of purified drinking water" and a "r[e]nal diet." *Id.* at 4. However, in June 2023, defendants Mullins and Townsend denied the treatment plan. *Id.* Around that same time, Kinard's sink water began "tast[ing] of sewage" and was "every color except clear." *Id.* at 4–5.

Kinard was then transferred back to Sussex, where he remained from August 2, 2023, to November 2, 2023. While at Sussex, Kinard was given purified bottled water, but the dietician there "stated the r[e]nal diet was not the proper diet." *Id.* at 5. Instead, the dietician recommended that he receive a "no processed meat" and "no hotdogs" diet. *Id.* Once he returned to Wallens Ridge, Mullins "executed the diet order . . . i.e. no processed meats, no hot dogs, and purified drinking water." *Id.* at 6. However, there was a "lack of compliance with the diet order," and his diet was changed "back to regular." *Id.* at 6, 7.

Kinard contends that because officials at Wallens Ridge have not complied with this diet order, he has suffered digestive issues. Specifically, in March 2025, Kinard experienced digestive complications and was given antibiotics and a stool cup for further testing. Then, he endured a painful bowel movement on June 29, 2025, and a second on June 29, 2025. According to Kinard, "[a]fter months of denial of treatment of painful stools, the plaintiff was finally treated with fiber pills,"

although he claims that the medicine has been ineffective. *Id.* at 9. Finally, on July 3, 2025, Kinard was approved to be transferred back to Sussex, Medical Location E. He requests that the transfer be expedited in order to "discontinue such ongoing violation of constitutional rights." *Id.* at 10.

The Fourth Circuit has explained that "the denial and/or delay of medical treatment, which allegedly causes *worsening, and possibly life-altering*, serious injuries" may be sufficient to trigger the exception under § 1915(g). *Hall v. United States*, 44 F.4th 218, 227 (Aug. 18, 2022). Thus, if an inmate sufficiently alleges that he "has been continually denied necessary medical care which has worsened their chronic conditions" and that he is "experiencing serious physical injuries or severe bodily harm," then he may be granted leave to proceed in forma pauperis. *Id.* To further clarify, the Fourth Circuit relied on a Sixth Circuit case, *Vandiver v. Prison Health Servs., Inc.*, for the proposition that "there would be an 'imminent danger to serious physical harm' in cases where there is 'incremental harm that cumulates in a serious physical injury [that] present[s] a danger equal to harm that results from an injury that occurs all at once.'" *Hall*, 44 F.4th at 229 (quoting *Vandiver v. Prison Health Servs., Inc.*, 727 F.2d 580, 587 (6th Cir. 2013)).

Kinard's described digestive issues are insufficient to meet this standard, particularly where he admits that he was treated with antibiotics, provided additional testing, and given fiber supplements. Other than implying that officials should

follow the previously recommended diet order and insisting that his return to Sussex I be expedited,[1] he does not identify any medical treatment that he believes he is being denied or that any lack of treatment has caused symptoms of a worsening condition. *See Riddick v. Phillips*, No. 7:22cv00290, 2023 WL 3727942, at *2 (W.D. Va. May 30, 2023) (determining that complaints of stomach pain and bloody stools do not support a conclusion that the plaintiff was in imminent danger of serious physical injury when he received medical treatment and did not identify any treatment or lack thereof that caused worsening conditions). Furthermore, Kinard only describes experiencing painful bowel movements on two occasions more than six months before filing the Complaint. Such short-lived, isolated incidents are not sufficient to trigger the § 1915(g) exception when they do not imminently lead to serious physical injury. *See Gresham v. Meden*, 938 F.3d 847 (6th Cir. 2019) ("[T]emporary conditions that cause discomfort and pain and are unlikely to 'lead to impending death or other severe bodily harms' do not satisfy the imminent-danger exception.").

Therefore, I cannot find that Kinard is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception in § 1915(g). Because he has not prepaid the $350 filing fee or the $52 administrative

[1] According to public records, Kinard is now housed in Sussex I.

fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice. A separate Judgment will be entered herewith.

ENTER: November 16, 2026

/s/ JAMES P. JONES
Senior United States District Judge